**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SOUTH LOUISIANA ELECTRIC COOPERATIVE ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-159** |
| **VIRGINIA TRANSFORMER CORP.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 15). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff South Louisiana Electric Cooperative Association purchased two transformer units from Defendant Virginia Transformer Corporation for use at its substation site in Terrebonne Parish. Transformer A was energized on May 13, 2019, and Transformer B was energized on August 28, 2019. Plaintiff alleges that the Sudden Pressure Relays ("SPRs") on both units have repeatedly tripped since their installation. It brings Louisiana state law redhibition and breach of contract claims against Defendant pursuant to this Court's diversity jurisdiction.

Defendant now moves to dismiss the claims against it, arguing that Plaintiff's redhibition claims are prescribed and that it has failed to state a

claim for breach of contract. Plaintiff opposes. This Court will consider each argument in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

Defendant moves for dismissal of Plaintiff's redhibition and breach of contract claims.

### A. Redhibition

Under Louisiana law, "when a defect in the thing sold renders it absolutely useless, or so inconvenient in use that the law supposes a buyer would not have purchased that item had he known of the vice, an action lies in redhibition."[8] Plaintiff alleges that the transformers that it purchased from Defendant have redhibitory defects. Specifically, Plaintiff alleges that the SPRs on both units have repeatedly tripped "since installation."[9] Plaintiff references instances in July 23, 2022; October 2023; and September 25, 2023.

Defendant argues that Plaintiff's redhibition claim should be dismissed because it has prescribed. Louisiana Civil Code article 2534 provides, in relevant part, that:

> B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer or ten years from the perfection of the contract of sale, whichever occurs first.
>
> C. In any case prescription on an action for redhibition is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or

[8] Manning v. Scott-Hixson-Hopkins, Inc., 605 So. 2d 233, 235 (La. App. 2 Cir. 1992).
[9] Doc. 13.

> notifies the buyer of his refusal or inability to make the required repairs.

"Where the petition shows that the claim has prescribed, the buyer must prove otherwise."[10]

This Court agrees with Defendant that Plaintiff's redhibition claim is prescribed on the face of the Complaint. Plaintiff's Complaint states that the SPRs have been tripping since installation in 2019, and therefore Plaintiff has known about the defect since that time. The prescriptive period on its redhibition claim therefore began to run in 2019, and the claim prescribed in 2020—well before this action was filed in 2025.

In opposition, Plaintiff invokes Section C of Article 2534 to argue that Defendant's attempts to repair the transformers interrupted prescription. Plaintiff's Complaint alleges that Defendant attempted to repair the SPR issue in February 2023 and again in January 2024. It alleges that on September 5, 2024, Defendant performed an inspection of the units to determine the cause of the SPR trips and found no defects. Plaintiff contends that the September 5, 2024 inspection interrupted prescription and commenced a new one-year period—making its September 5, 2025 filing timely.

The problem with Plaintiff's theory, however, is that by the time the September 5, 2024 inspection occurred (or indeed any of the alleged attempts at repair), the prescriptive period had already run. It is well settled that a prescriptive period that has already run cannot be suspended or interrupted.[11] Based on the allegations of the Complaint, prescription began to run at

---

[10] Stichberry v. Nolan, 765 So. 2d 1201, 1204 (La. App. 2 Cir. 2000).
[11] Dominion Expl. & Prod., Inc. v. Waters, 972 So. 2d 350, 362 (La. App. 4 Cir. 2007).

installation when the SPRs began tripping. Accordingly, the one-year prescriptive period began to run in 2019 and ended in 2020. Plaintiff has not shown that the prescriptive period was interrupted, and therefore, Plaintiff's redhibition claim is prescribed on the face of the Complaint.

**B. Breach of Contract**

Defendant next moves to dismiss Plaintiff's breach of contract claim. Plaintiff's Complaint alleges that because of the defects in the transformers, Defendant breached its obligations under the contract of sale, including to sell products free from defects and to sell products that perform in accordance with the specifications of the contract. Defendant correctly alleges that Plaintiff's breach of contract claim is based on hidden defects and therefore must be brought as an action for redhibition. "It is 'fundamental Louisiana law' that actions based on breach of warranty against defects are to be pursued in redhibition instead of as a breach of contract."[12] Accordingly, Plaintiff cannot repackage its redhibition claim into a breach of contract claim.

In its opposition, Plaintiff argues that its breach of contract claim is a claim for breach of the warranty of fitness under Article 2524 because the transformers are not fit for their ordinary use. However, this claim is not sufficiently alleged in the Complaint, which solely alleges facts based on the theory that the transformers had a latent defect. "It is axiomatic that the

[12] Leo v. Jeld-Wen, Inc., 835 F. App'x 727, 731 (5th Cir. 2020).

complaint may not be amended by the briefs in opposition to a motion to dismiss."[13] Accordingly, Plaintiff's breach of contract claim is dismissed.

When granting a Motion to Dismiss, the Court must consider whether the plaintiff should be given leave to amend the complaint. Though "[l]eave to amend should be freely given," a court may decline to give such leave as long at the denial is justified on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[14] Having found none of these grounds here, Plaintiff shall have leave to amend its Complaint to the extent that it can remedy the deficiencies identified herein.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff may amend its Complaint within 20 days of this Order to the extent that it can remedy the deficiencies identified herein. Failure to amend will result in dismissal of this matter with prejudice.

New Orleans, Louisiana this 14th day of August, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

[13] Roebuck v. Dothan Sec., Inc., 515 F. App'x 275, 280 (5th Cir. 2013) (citation modified).

[14] U.S. *ex rel.* Adrian v. Regents of Univ. of California, 363 F.3d 398, 403 (5th Cir. 2004).